IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael D. Williams, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:15-2195-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff Michael Williams' objections to United States Magistrate Judge Bristow Marchant's report and recommendation ("R & R") (ECF Nos. 17 & 15). The Magistrate Judge recommends that the Court affirm the Commissioner's final decision that Williams is no longer disabled. For the reasons stated herein, the Court adopts the R & R and affirms the Commissioner's decision.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate

Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Williams raises five objections to the Magistrate Judge's R & R. His first four objections, however, simply rehash arguments made before the Magistrate Judge. The Court summarily rejects those four objections as they are not proper objections. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)).

The Court now turns to Williams' sole cognizable objection. Williams contends that the United States Court of Appeals for the Fourth Circuit's recent decision, *Monroe v. Colvin*, -- F.3d --, 2016 WL 3349355 (4th Cir. June 16, 2016), requires administrative law judges ("ALJs") to give more thorough explanations of their reasoning than the ALJ provided in this case. In *Monroe*, the Fourth Circuit emphasized that "a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. *Id.* at *10 (citation and quotation marks omitted). Thus, the ALJ must "'build an accurate and logical bridge from the evidence to his conclusion.'" *Id.* at *11 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Despite Williams' contentions to the contrary, the ALJ's findings of fact and conclusions of law are supported by substantial evidence, and his decision creates the requisite logical bridge between the evidence and his conclusions. As the Magistrate Judge repeatedly stated, this Court may not substitute its own judgment for the ALJ's credibility determinations. *See Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1996). Although Williams contends that the ALJ failed to make credibility determinations or to create a logical bridge from the evidence to his conclusions, the Court concludes that the ALJ did make the requisite credibility determinations as he constructed the logical bridge. As the Magistrate Judge also discussed extensively, the Court's scope of review is limited "to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan*, 907 F.3d 1453, 1456 (4th Cir. 1990). If the record contains substantial evidence supporting the ALJ's decision, the Court must affirm. *Id.* The Court has thoroughly reviewed the record and finds that the substantial evidence here compels it to affirm.

Williams primarily argues that the ALJ's discussion of Williams' consultative examination with Dr. Panjal and Williams' claim of spinal stenosis was insufficient under *Monroe*. On page nine of his decision, the ALJ states his conclusion that Williams is capable of performing the full range of medium work and then proceeds to describe Williams' capabilities function by function. He then explains why he denied Williams' disability claim after June 7, 2013, stating that "the claimant's statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely credible for the reasons explained in this decision." (R. 25.) Relying on Williams' past treatment history, Dr. Panjal's consultative examination, and Williams' subsequent medical notes and treatment, the ALJ properly examined the evidence and explained how it led to his decision.

Williams argues that the ALJ's discussion of Dr. Panjal's examination was inadequate. The ALJ ordered Williams to undergo a consultative examination with Dr. Panjal, which he completed on June 8, 2013. Dr. Panjal put Williams through a series of tests in order to determine the extent of his disability, if any. After the examination, Dr. Panjal drafted a report that the ALJ described as "one of the most thorough that [he] ha[d] ever encountered." (R. 25.) Then, during a supplemental hearing on December 9, 2013, Williams testified that some of the tests documented in Dr. Panjal's report did not actually take place. Although the ALJ sent a subpoena to Dr. Panjal to secure his attendance at the supplemental hearing, Dr. Panjal did not appear. Thus, the ALJ was unable to ask Dr. Panjal about the allegedly unperformed tests. However, the Court is convinced that the ALJ made a determination that Dr. Panjal performed the tests he claimed to have completed. In his decision, the ALJ states:

> The claimant underwent consultative examination with Anand Panchal, D.O., on June 8, 2013, which showed his back and shoulder impairments no longer caused him any significant limitations. His gait was steady, symmetric and not antalgic. He had no palpable muscle spasm, and he had full muscle strength throughout with the exception of slightly diminished strength of his bilateral deltoids. Additionally, the claimant had negative straight leg raise, was able to walk on heels and toes, had no difficulty getting up and down from the examination table, could tandem walk, and was able to hop on one foot bilaterally. The claimant did have mild loss of range of motion of his bilateral shoulders, but none in his neck or back. As a result of his examination, Dr. Panchal opined that the claimant could do medium work, with some minimal manipulative, environmental, and postural limitations.

(R. 24.) Although the ALJ does not explicitly state that he has made a credibility determination that Dr. Panjal's report was accurate and that he performed the tests in question, the unequivocal language in the above paragraph demonstrates the ALJ concluded that Dr. Panjal's report was accurate. Further, if the ALJ had not believed Dr. Panjal's report to be accurate, he certainly would not have relied on it so extensively. Finally, the ALJ stated there was no objective evidence that Dr. Panjal did not perform the tests indicated in his report.

Although an explicit credibility determination would have simplified this analysis, the end result is the same. Without precisely saying so, the ALJ determined that Dr. Panjal's examination report was credible. His report showed that Williams had only mild loss of strength and range of motion in his shoulders, and contained no other significant findings. Dr. Panjal's determination of mild loss of strength and range of motion in the shoulders, together with Williams' limited treatment and complaints about his shoulder pain since 2012, is substantial evidence that compels the Court to uphold the ALJ's decision.

As for Williams' claim of spinal stenosis, the ALJ concluded that the moderate central canal stenosis indicated in Williams' November 2013 MRI did not cause him any significant physical limitations. In addition to the MRI indicating moderate central canal stenosis at C5-C6, the ALJ also considered several other pieces of relevant evidence that led to his conclusion. First, Williams reported no neck pain at his consultative examination with Dr. Panchal. Second, the ALJ concluded that Dr. Wu's[1] conclusion on Williams' stenosis was limited to a finding that such spinal stenosis **can** cause pain, but did not constitute an opinion that Williams' spinal stenosis **did** cause him pain. Viewing the evidence as a whole, the ALJ concluded that Williams' allegation of severe pain relating to his spinal stenosis was not credible because he had not made many complaints as to neck pain since 2010 and did not report any neck pain during his consultative examination. Based on that evidence, the ALJ concluded that Williams was capable of performing medium work and the functions associated with that residual functional capacity. As with the discussion of Dr. Panchal's consultative examination above, an explicit credibility determination would have greatly simplified the Court's inquiry. However, it is the ALJ, rather than this Court, that weighs the evidence, and the Court is not free to substitute its independent judgment. Thus, despite Williams' strong contentions to the contrary, the Court

---

1. Dr. Wu is Williams' primary care physician.

concludes that the ALJ's decision is supported by substantial evidence and complies with the Fourth Circuit's holding in *Monroe*. Accordingly, his decision must be affirmed.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's objections are **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's final decision is **AFFIRMED**.

AND IT IS SO ORDERED.

                                                                                         _____
                                                                                         PATRICK MICHAEL DUFFY
                                                                                         United States District Judge

**August 10, 2016**
**Charleston, South Carolina**